UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON WARREN,<br><br>        Plaintiff,<br><br>    v.<br><br>QUENDRY GUERRERO, et al.,<br><br>        Defendants. | Case Nos.  21-cv-09427-JCS<br>                 21-cv-09430-JCS<br>                 21-cv-09431-JCS<br>                 21-cv-09432-JCS<br>                 21-cv-09434-JCS<br><br>**ORDER GRANTING APPLICATIONS TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE WHY COMPLAINTS SHOULD NOT BE DISMISSED** |
| CAMERON WARREN,<br><br>        Plaintiff,<br><br>    v.<br><br>CHENNEL HOSEIN,<br><br>        Defendant. | |
| CAMERON WARREN,<br><br>        Plaintiff,<br><br>    v.<br><br>KAREN BOWDEN,<br><br>        Defendant. | |
| CAMERON WARREN,<br><br>        Plaintiff,<br><br>    v.<br><br>EMMA BLANCO,<br><br>        Defendant. | |
| CAMERON WARREN,<br><br>        Plaintiff,<br><br>    v.<br><br>GUSTAVO GUITY,<br><br>        Defendant. | |

## I.  INTRODUCTION

Plaintiff Cameron Warren, pro se, filed five complaints that are substantially identical except for naming different defendants.[1]  Warren applies to proceed in forma pauperis in each of these cases.  Sufficient cause having been shown, those applications are GRANTED.

The Court now reviews the sufficiency of Warren's complaints under 28 U.S.C. § 1915(e)(2)(B).  Warren is ORDERED TO SHOW CAUSE why his complaints should not be dismissed for the reasons discussed below.  No later than January 14, 2022, Warren must file, in each case he wishes to pursue, either an amended complaint curing the deficiencies addressed in this order or a response arguing why his current complaint is sufficient.  Any case where Harris does not file such a response or his response fails to cure the deficiencies addressed herein will be reassigned to a United States district judge with a recommendation for dismissal.

## II.  THE COMPLAINTS

Each of Warren's complaints asserts a claim for infringement of trade secrets under the Defend Trade Secrets Act of 2016 ("DTSA").  Each complaint includes substantially the same factual allegations, differing only as to the name of the defendant:

> Plaintiff (Mr. Warren) alleges that Defendant ([name of defendant]) was proposed a Non-Disclosure 'equivalent' Agreement, on or son [sic] after the 25th of March, 2021, to receive payment to control information pertaining to the Plaintiff's intellectual property (IPhone Live Photo—of a sexual nature), that the plaintiff owns because Plaintiff nor Plaintiff's then modeling agency never consented to its' unlawful creatin, or unlawful distribution, or use, there-of.

Warren seeks damages and injunctive relief to discover "all other parties that agreed to a similar agreement."

## III.  ANALYSIS

### A.  Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

---

[1] Warren has filed additional cases since filing these first five complaints.  This order addresses only the five cases appearing in the caption on the first page.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions" and to "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

### B. Warren's Complaints Fail to State a Claim

Warren's only claim in each case is under the DTSA. Under that statute, the "owner of a trade secret that is misappropriated may bring a civil action . . . if the trade secret is related to a product or service use in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The DTSA defines the term "trade secret" to mean:

> . . . all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled,

or memorialized physically, electronically, graphically, photographically, or in writing if—

(A) the owner thereof has taken reasonable measures to keep such information secret; and

(B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

18 U.S.C. § 1839(3).

"Misappropriation" giving rise to liability under the DTSA is defined as:

(A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means[2]; or

(B) disclosure or use of a trade secret of another without express or implied consent by a person who—

(i) used improper means to acquire knowledge of the trade secret;

(ii) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was—

(I) derived from or through a person who had used improper means to acquire the trade secret;

(II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or

(III) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or

(iii) before a material change of the position of the person, knew or had reason to know that—

(I) the trade secret was a trade secret; and

(II) knowledge of the trade secret had been acquired by accident or mistake.

18 U.S.C. § 1839(5).

---

[2] The DTSA defines "improper means" to include "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means," but specifies that the term "does not include reverse engineering, independent derivation, or any other lawful means of acquisition." 18 U.S.C. § 1839(6).

Here, Warren has not presented factual allegations supporting a conclusion that the photograph at issue in any case was a "trade secret" as defined by the DTSA. Nor has he alleged that any defendant "misappropriated" anything. He alleges only that each defendant "was proposed a Non-Disclosure 'equivalent' Agreement . . . to receive payment to control information pertaining to" a photograph, with no allegation that any defendant even agreed to such a proposal, much less that they acquired, disclosed, or used any trade secret.

Warren is therefore ORDERED TO SHOW CAUSE why his complaint should not be dismissed for failure to state a claim on which relief may be granted.

### C. Warren Has Not Established Personal Jurisdiction Over Defendants

Personal jurisdiction depends on both substantive law and constitutional due process considerations. "Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Dole Food*, 303 F.3d at 1110 (citing Cal. Civ. Proc. Code § 410.10).

"For a court to exercise personal jurisdiction over a non-resident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 1110−11 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 781, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

Personal jurisdiction may be either general or specific. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The Supreme Court has explained that a "court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe*, 326 U.S. at 317). On the other hand, "[s]pecific jurisdiction . . . depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (alteration in original; citation omitted). Thus, "[i]n contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (citation and internal quotation marks omitted).

Each defendant Warren has sued is located in New York. He alleges no connection between the defendants and California, much less connections related to the claims he asserts. Accordingly, there is no indication that any defendant is subject to personal jurisdiction in this Court, and Warren is ORDERED TO SHOW CAUSE why these cases should not be dismissed for lack of personal jurisdiction.

### D.  Warren Has Not Shown That Venue Is Proper

Cases in federal court must generally be brought in either the district where a defendant resides (if all defendants reside in the same state) or the district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). As discussed above in the context of personal jurisdiction, Warren has not alleged any connection to this district either with respect to the defendants' residence or with respect to the events giving rise to his claims. Warren is therefore ORDERED TO SHOW CAUSE why these cases should not be dismissed, or perhaps transferred to a different district, for improper venue.

### IV.  CONCLUSION

For the reasons discussed above, Warren is ORDERED TO SHOW CAUSE why his complaints should not be dismissed, by filing *in each case he would like to pursue* either an amended complaint or a response arguing why his current complaint is sufficient, no later than January 14, 2022.

Any amended complaints must include the caption and civil case number and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amendment may not incorporate claims or allegations of

6

Warren's original complaints by reference, but instead must include all of the facts and claims Warren wishes to present and all of the defendants he wishes to sue in the case at issue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Warren is encouraged to contact the Federal Pro Bono Project's Pro Se Help Desk for assistance as he continues to pursue these cases. Lawyers at the Help Desk can provide basic assistance to parties representing themselves but cannot provide legal representation. Although in-person appointments are not currently available due to the COVID-19 public health emergency, Warren may contact the Help Desk at (415) 782-8982 or FedPro@sfbar.org to schedule a telephonic appointment.

**IT IS SO ORDERED.**

Dated: December 17, 2021

JOSEPH C. SPERO
Chief Magistrate Judge